J-S06006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JANVIER THOMAS | : | |
| | : | No. 1755 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence May 13, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006583-2015

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                           **FILED MAY 14, 2018**

Janvier Thomas appeals from the judgment of sentence of four to eight years imprisonment followed by three years probation imposed following his conviction of three firearms violations.  After careful review, we affirm.

The pertinent facts underlying Appellant's convictions are as follows. On May 25, 2015, Police Officer Jason Carr and his partner were patrolling the 1200 block of North Hollywood Street, Philadelphia, in a marked police vehicle.  At approximately 8:30 p.m., they received a radio dispatch notifying them of gunshots in that area.  Shortly thereafter, they received a second dispatch identifying the suspected shooter as a black male with short dreadlocks wearing a white T-shirt.  As the officers approached the 1300 block of North Myrtlewood Street, they saw a man matching that description

sitting on the steps of 1325 North Myrtlewood Street, who was later identified as Appellant. The police vehicle stopped less than five feet from Appellant; no lights or sirens were activated.

Upon seeing the police vehicle, Appellant ran. According to Officer Carr, Appellant jumped up, grabbed a bulge in his left cargo pants pocket, and ran across the street. The officer, believing the bulge was a gun, pursued Appellant on foot. Appellant ran into a residence at 1322 North Myrtlewood Street and slammed the door. Officer Carr pursued him into the house with his gun drawn.

As Officer Carr entered the home, he saw Appellant at the top of the stairs. The officer proceeded upstairs after Appellant with Officer Mitchell McKeever behind him. Officer Carr saw Appellant disappear briefly behind a curtain leading to a bedroom, he heard a heavy thud on the floor, and then Appellant walked out of the bedroom with his hands empty and no visible bulge in his pants pocket. The officers placed Appellant in custody and searched him. Officer Carr found a bag of marijuana in Appellant's right pants pocket. Officer McKeever searched the nearby area and located a .40 caliber Taurus handgun, loaded with nine rounds, behind the curtain in front of a stack of white storage containers.

Appellant was charged with possession of a firearm by a person not to possess; possession of a firearm without a license; carrying a firearm on a public street in Philadelphia; and possession of a small amount of marijuana.

Appellant moved to suppress evidence obtained from 1322 North Myrtlewood Street. After a hearing, the suppression court found that there was reasonable suspicion for an investigatory stop, and that, based on the totality of the circumstances, the entry of the home was lawful because the officers were in hot pursuit of Appellant. Furthermore, the suppression court found that the search of Appellant was warranted, and that Appellant voluntarily abandoned the weapon inside the home. Therefore, the suppression court denied Appellant's motion to suppress the gun and the marijuana found on him.[1]

A non-jury trial was held on February 23, 2016. The parties stipulated that the gun was operable, that Appellant was ineligible to possess a gun, and that he did not have a license for the weapon. The trial court found Appellant guilty of violating the Uniform Firearms Act, 18 Pa.C.S. §§ 6105, 6106, and 6108; and acquitted Appellant of the marijuana charge.

Following sentencing, Appellant filed a timely notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, he complied, and the trial court authored its 1925(a) opinion.[2] Appellant presents two issues for our review:

---

[1] The suppression court granted Appellant's motion to suppress a statement that was made without the benefit of *Miranda* warnings.

[2] After the filing of the briefs in this appeal, counsel for Appellant filed an application to withdraw as counsel. By order, dated March 13, 2018, this
*(Footnote Continued Next Page)*

1. Did the lower court err where it denied Appellant's [m]otion to [s]uppress where, as here, the lower court accepted that the arresting officers did not have probable cause, only reasonable suspicion, which is not the requisite standard for a warrantless entry of a home?

2. Did the trial court err in finding sufficient evidence of possession of a firearm under the Uniform Firearms Act [§] 6105, where a firearm was recovered inside a property; and the owner of the same property gave unrebutted testimony that she owned the firearm and produced evidence of lawful ownership of the firearm and a license to carry the firearm, and where no witness testified to seeing the defendant in possession of the firearm?

Appellant's brief at 2-3.

Since a sufficiency claim warrants automatic discharge rather than retrial, we address Appellant's second issue at the outset. In reviewing a challenge to the sufficiency of the evidence, our standard of review is well-settled:

> [W]e must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the

_(Footnote Continued)_ ───────────

Court granted counsel for Appellant's application, directed appointment of new counsel, and retained appellate jurisdiction.

- 4 -

combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

***Commonwealth v. Cline***, 177 A.3d 922, 925 (Pa.Super. 2017) (citations omitted).

The three firearms offenses of which Appellant was convicted each contain an element of possession of a firearm. ***See*** 18 Pa.C.S. § 6105(a)(1) (person not to possess a firearm); 18 Pa.C.S. § 6106(a)(1) (carrying a firearm without a license); 18 Pa.C.S. § 6108 (unlicensed person carrying a firearm on public streets in Philadelphia). Appellant challenges all three convictions on the basis that the evidence that he possessed a firearm was only circumstantial and that there was no evidence that he constructively possessed the gun. Appellant's brief at 10. Appellant's argument is based in part on a version of the facts that he presented at trial, and that was not credited by the trial court.[3] We will disregard those facts since our standard of review dictates that we view the evidence in the light most favorable to the verdict winner, herein the Commonwealth.

_____

[3] Appellant's cousin, Willie Abram, and his aunt, Vickie Thomas, testified that Ms. Thomas owned the gun and that she had placed it on top of containers behind the curtain. When Officer Carr shoved Appellant into the boxes, the gun fell from the boxes. The trial court ultimately credited the testimony of Officer McKeever in finding Appellant guilty. N.T. Trial, 2/3/16, at 13-52. We would also note that Appellant's undeveloped forced abandonment argument was inconsistent with, and wholly undermines, his claim that he did not possess the gun.

Appellant contends that, since the officers did not see him carrying a gun, the Commonwealth had to prove constructive possession. Constructive possession required proof that he had the ability to consciously exercise control over the firearm and an intent to exercise such control. ***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa.Super. 2013). Appellant maintains that the evidence demonstrated only that he was present in the house where the gun was found, and thus, constructive possession was not proven.

This Court defines constructive possession as "a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013) (citations omitted). It is "an inference arising from a set of facts that possession of the contraband was more likely than not." ***Id***. We examine the totality of the circumstances when determining whether a defendant had constructive possession of contraband, ***Commonwealth v. Coleman***, 130 A.3d 38, 41 (Pa.Super. 2015), and, in accordance with our standard of review, we view the evidence in the light most favorable to the Commonwealth as the verdict winner.

We find the circumstantial evidence of Appellant's physical possession of a firearm to be sufficient to support the convictions without resort to a constructive possession theory. The officers were responding to a report of gunshots in the area. Appellant met the description of the shooter. Officer

Carr observed a bulge in Appellant's left cargo pants pocket and testified that when Appellant ran, he was crouched over and holding his left pocket as if there was something heavy inside that he wanted to keep from swinging as he was running. N.T. Trial, 2/3/16, at 15-17. The officer believed the bulge was a gun. We find the officer's testimony to be circumstantial evidence that Appellant possessed a firearm on the street in Philadelphia, and it was corroborated by the following.

The officer described how Appellant entered the house, ran upstairs, and disappeared behind a white curtain on the second floor. The officer heard a heavy thud, Appellant reappeared, but no longer had a bulge in his left pants pocket. *Id*. at 21-23. A loaded firearm was found on the floor behind the curtain. *Id*. at 23-24; 38.

Based on the foregoing, the trial court found the evidence sufficient to prove beyond a reasonable doubt that Appellant "had possessed a concealed firearm on a public street." Trial Court Opinion, 4/13/17, at 9. The record supports the trial court's finding. The observed bulge in Appellant's cargo pants pocket, coupled with his flight from police, the loud thud when Appellant went behind the curtain, and the lack of the bulge when he reappeared from behind the curtain, support the trial court's finding that Appellant possessed the firearm on the street, but voluntarily abandoned it when he was in the residence. Thus, although Appellant did not have the firearm on his person when he was arrested, the evidence supports the trial

court's finding that he had previously physically possessed the firearm. Appellant's sufficiency claim is, therefore, without merit.

We now turn to Appellant's suppression claim. Appellant argues that the lower court made no finding of probable cause and exigent circumstances that would justify the warrantless entry of the residence. ***Commonwealth v. Bowmaster***, 101 A.3d 789, 792 (Pa.Super. 2014). Rather, he contends that the trial court erroneously found that reasonable suspicion was sufficient for the warrantless entry of the home and search of Appellant. He also contends that the lower court erred in finding that the anonymous tip, coupled with Appellant's flight, were sufficient to provide the requisite reasonable suspicion for an investigatory stop.[4]

> In addressing a challenge to the denial of a suppression motion,
>
> Our standard of review . . . is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is

_____

[4] The Commonwealth contends that Appellant waived his suppression claim based on the warrantless entry of the residence as it was not properly preserved in his 1925(b) statement. Although we find some merit in the Commonwealth's position, we decline to find the issue waived as the unlawfulness of the warrantless entry was alleged below and alluded to in Appellant's concise statement. Herein, the trial court found the warrantless entry to be lawful. We suspect that Appellant's failure to specifically challenge that finding based on a lack of probable cause and exigent circumstances explains why the trial court did not specifically address those issues in its Rule 1925(a) opinion. Nonetheless, we find the record sufficient to enable us to conduct the proper review.

appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. Singleton***, 169 A.3d 79, 82 (Pa.Super. 2017) (citations omitted). We note that Appellant did not introduce any evidence at the suppression hearing.

When addressing the right of individuals to be free from unreasonable searches and seizures, the following principles inform our review. There are three categories of interaction between police officers and citizens:

These categories include (1) a mere encounter, (2) an investigative detention, and (3) custodial detentions. The first of these, [is] a "mere encounter" (or request for information), which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Thomas***, -- A.3d --, 2018 Pa.Super. LEXIS 74, *5-6 (Pa.Super. 2018) (citations omitted). It is well established that a police officer may conduct a frisk or pat-down of the person stopped if the officer has reasonable suspicion that criminal activity is afoot and that the person may be armed and dangerous. ***Id***. at *9-10.

The instant case involves a warrantless entry of a residence. The law is well settled that, "probable cause alone will not support a warrantless search or arrest in a residence unless some exception to the warrant

requirement is also present." ***Commonwealth v. Johnson***, 68 A.3d 930, 931 (Pa.Super. 2013). Consent or exigent circumstances must also be present to justify entry into a private home for such a purpose. ***Id***.

Furthermore, it is well established:

The existence or non-existence of probable cause is determined by the totality of the circumstances. The totality of the circumstances test requires a Court to determine whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. . . . Questions of probable cause do not entail certainties. Indeed, probable cause exists when criminality is one reasonable inference; it need not be the only, or even the most likely, inference. . . . Under the Fourth Amendment, we have long held that flight alone does not constitute probable cause for an arrest. Of course, . . . flight coupled with additional facts that point to guilt may establish probable cause to arrest.

***Commonwealth v. Smith***, 979 A.2d 913, 916-17 (Pa.Super. 2009) (citations omitted).

A number of factors are considered in determining whether exigent circumstances exist, among them:

(1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, *i.e.*, whether it was at made at night. These factors are to be balanced against one another in determining whether the warrantless intrusion was justified. Other factors may also be taken into account, such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take the time to obtain a

warrant, or a danger to police or other persons inside or outside the dwelling.

*Commonwealth v. Roland*, 637 A.2d 269, 270-71 (Pa.Super. 1994) (citations omitted); *see also Commonwealth v. Johnson*, 68 A.3d 930 (Pa.Super. 2013).

This Court has previously determined that "[w]arrantless entry into a dwelling, and a subsequent seizure of items found therein, is permissible where the police are in 'hot pursuit' of a fleeing felon. Of course, the police must have probable cause to believe that the individual they are pursuing has committed a crime." *Commonwealth v. Dennis*, 612 A.2d 1014, 1015 (Pa.Super. 1992) (finding probable cause and exigent circumstances for police to follow two men into residence without a warrant where officers witnessed the men exchange of cash and small objects at door of location that was subject of drug-related complaints; the men fled into the nearby house when approached by police, and police witnessed them throwing substances later determined to be drugs out the window).

The Commonwealth maintains that the police officers had little choice but to follow Appellant into the home. Shots had been fired in the area. The police believed Appellant was armed, but they had no information whether Appellant had shot someone or been involved in a shooting. They had no means of knowing whether it was his home. The Commonwealth cites *Commonwealth v. Davido*, 106 A.3d 611, 622-24 (Pa. 2014) (approving warrantless entry of residence where reasonably necessary to respond to

- 11 -

danger posed to occupants), in support of their position that the police would have "inexcusably neglected their duties had they failed to follow [Appellant] through the [unlocked] front door and up the stairs." Commonwealth's brief at 10.

The trial court found that the warrantless entry herein was lawful and denied Appellant's motion to suppress on that ground. We are presented with a mixed question of law and fact. While we are bound by any factual findings that are supported by the record, we owe no deference to the legal conclusions drawn by the trial court, and we review the latter *de novo*. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1081 (Pa. 2017).

Based upon the totality of the circumstances, we find that probable cause and exigent circumstances existed when the police followed Appellant into the residence in hot pursuit.[5] The police officers were patrolling the 1300 block of North Myrtlewood Street, a high crime area,[6] in response to a report of gunshots. Within less than a minute of receiving the dispatch and

_____

[5] According to Appellant, the residence he entered belonged to his aunt. He was merely attending a barbecue there. The Commonwealth did not question whether he had standing to challenge the legality of the warrantless entry and search of that residence.

[6] In support of the Commonwealth's position that this was a high crime area, Officer Carr testified that "within a few weeks [they] had served a warrant with the field unit. Within a block or two there [they] recovered firearms and drugs from that location. . . . And in that area [they] had also had a recent rise of shootings. [They] had a homicide within a month or two of that." N.T. Suppression Hearing, 12/07/15, at 26.

the description, Officer Carr observed Appellant, who matched the description of the suspect, sitting on steps in the area of the reported gunshots. When Officer Carr stopped the marked police car, Appellant jumped up, grabbed a bulge in his pants pocket, and fled. Based on the manner in which Appellant was holding the bulge, the officer believed it to be a firearm. In his experience, "when somebody runs with a bundle of drugs, whatever it is, there's a completely different weight to it than a firearm of the same size." N.T. Suppression Hearing, 12/07/15, at 16. In light of Officer Carr's knowledge and experience, and the circumstances at the time, a man of reasonable caution would believe that Appellant was committing a crime. Thus, we find that Officer Carr had probable cause to enter the residence.

However, our analysis does not end there. We must also determine whether there were exigent circumstances. The offense involved a firearm and the police had reason to believe Appellant was armed. The police entered in hot pursuit of Appellant. Officer Carr expressed concern for the safety of individuals inside the home, as he had no way of knowing whether Appellant lived at that address. The officers' entry into the residence occurred during the evening hours, but prior to sundown, and it was peaceable. We find that the suppression court's conclusion that the entry was lawful was supported by facts establishing that Officer Carr had

probable cause and exigent circumstances to enter the residence without a warrant.[7]

Finally, Appellant cites **Commonwealth v. Matos**, 672 A.2d 769, 771 (Pa. 1996), in support of his contention that the gun should have been suppressed because it was forcibly abandoned during his flight to escape unlawful police conduct. The suppression court determined, however, that Appellant's flight was unprovoked, and that he voluntarily abandoned the weapon inside the home. N.T. Suppression Hearing, 12/7/15, at 61-62. We agree. Furthermore, as discussed *supra*, the seizure of Appellant was lawful. Thus, the forcible abandonment theory has no traction on the facts herein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/18

---

[7] Appellant did not challenge the search of the area behind the curtain.